■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM STOTT, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 24, 1986, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and attempted rape in the first degree.

On August 20, 1985, defendant was indicted for rape in the first degree, burglary in the first degree and attempted rape in the first degree. The latter charge related to an incident on July 19, 1985 wherein defendant allegedly forced a woman into her car and made her drive to a parking area where he attempted to rape her. The first two charges related to an incident occurring on August 5, 1985 wherein defendant allegedly entered a residence in the City of Albany and raped and sodomized the occupant. After plea bargaining negotiations, defendant entered a plea of guilty to the charges of rape in the first degree and attempted rape in the first degree in full satisfaction of the indictment. He was sentenced to concurrent indeterminate prison terms of 8⅓ to 25 years with respect to the rape charge and 5 to 15 years with respect to the attempted rape charge. On this appeal, defendant claims that his sentence was harsh and excessive. We disagree.

In the absence of extraordinary circumstances or an abuse of discretion, this court will not interfere with County Court's discretion in imposing sentence *(People v Cyr,* 119 AD2d 901, *lv denied* 68 NY2d 756). Here, not only was defendant apprised of the fact that he could be sentenced to an aggregate term of 13⅓ to 40 years, but also the presentence report recommends that he be sentenced to the maximum period of incarceration due to the extreme violence of the crimes. The presentence report further notes that defendant shows no

remorse for his actions. In view of the nature of the crimes, County Court did not abuse its discretion in imposing sentence.

By a recently received *pro se* memorandum, defendant requests that he be permitted to withdraw his guilty plea on the ground that the plea was coerced. the record before us is not sufficient to permit review of this claim. Defendant's remedy, if any there be, is through a motion pursuant to CPL 440.10 to vacate the conviction.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.